## ERIC M. NELSON
ATTORNEY AT LAW

112 MADISON AVENUE
SIXTH FLOOR
NEW YORK, NEW YORK 10016

MEMBER                                  TELEPHONE: (212) 354-3666

N.Y. & D.C. BARS           February 9, 2011         TELECOPIER: (212) 354-2555

*BY ECF*
The Honorable John Gleeson
U.S. District Judge
U.S. Courthouse
225 Cadman Plaza East, Courtroom 6C
Brooklyn, New York 11201

            Re:     *Ayala v. Metro One Security Systems, Inc., et al.*
                     11 CV 0233 (JG/ALC)

Dear Judge Gleeson:

       I am counsel to the two companies named as defendants in the above-referenced civil action. In accordance with Section 2A of Your Honor's Individual Practices, I respectfully write to request a pre-motion conference. Defendants seek, *inter alia,* to dismiss: (a) the instant action in its entirety as against Metro One Loss Prevention Services Group (Guard Division NY), Inc. (sued herein as "Loss Prevention Group") ("LPSG"); and (b) plaintiff's claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") as against Metro One Security Systems, Inc. ("SSI"), both pursuant to Federal Rule of Civil Procedure 12(b).

       In brief, this is an employment discrimination case purportedly brought under Title VII, 42 U.S.C. § 1981, and the New York State and New York City Human Rights Laws on the basis of plaintiff's Hispanic descent. Defendants respectfully seek permission to move to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6):

      (a)      this action, in its entirety, as against LPSG, because

           (i)      it never employed plaintiff (42 U.S.C. § 2000e(n));

           (ii)     it never otherwise had any contractual (or other) relationship with plaintiff (42 U.S.C. § 1981); and

           (iii)    with respect to plaintiff's Title VII claim, he failed to first bring a charge against LPSG, as statutorily required (42 U.S.C. § 2000e-5(f)(1)); as well as

      (b)      plaintiff's Title VII claim as against SSI, since while SSI *did* employ plaintiff, it neither is, nor ever was, subject to Title VII, having never had the requisite minimum number of employees. 42 U.S.C. § 2000e(b).

Defendants are also considering whether the balance of the allegations in plaintiff's complaint satisfy the pleading standards now in force under *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) and,

ERIC M. NELSON
ATTORNEY AT LAW

2

*inter alia, Nixon v. Blumenthal,* 2010 U.S. App. LEXIS 25693 (2d Cir. Dec. 15, 2010) (summary order), and may ultimately seek to dismiss the balance of the complaint on that basis, as well.

Further, service of process was not properly effected upon either of the defendants currently named herein. Plaintiff merely left one set of papers (summons and complaint) with a receptionist at defendants' offices on January 21, 2011. At best, therefore, only *one* of the two named defendants was served, and no indication was given either by the papers themselves, or by the person who delivered them as to which defendant they were directed to. The receptionist with whom the papers were left, moreover, neither is, nor ever was, an officer, director, managing agent or, indeed, anyone otherwise authorized or designated by either LPSG or SSI to accept service of process on either of their behalves. *See* Fed. R. Civ. P. 12(b)(5).

Finally, defendants also respectfully seek to strike as "immaterial, impertinent, or scandalous matter" several assertions in plaintiff's complaint. *See* Fed. R. Civ. P. 12(f). Said assertions allege various misconduct by defendants with respect to *African American* employees even though: (a) plaintiff is not African American (claiming, instead, only that he is "of Hispanic descent"); (b) no African American employees are otherwise parties to this action; and (c) no claims or causes of action allege any discrimination against plaintiff on the basis that he is African American.

We appreciate the Court's courtesies, and kind consideration of this request. If anything further is required of this office, or defendants, kindly so advise the undersigned.

Respectfully yours,

Eric M. Nelson

cc:    Adam Kleinfeldt, Esq. (by ECF)